J-S35027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC WHITHERS, | |
| Appellant | No. 1195 EDA 2015 |

Appeal from the Judgment of Sentence Entered March 31, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0306711-1998

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 14, 2016**

Appellant, Eric Whithers, appeals from the judgment of sentence of 5 to 10½ years' imprisonment, imposed after the trial court anticipatorily revoked his term of probation and resentenced him.  Appellant solely challenges the discretionary aspects of his sentence.  We affirm.

In July of 1997, Appellant shot 20-year-old Horace White in the head with a shotgun.  White was pronounced dead the following day.  Appellant subsequently confessed to his involvement in the shooting.  On July 19, 1999, Appellant pled guilty to third-degree murder and the court imposed a 'split sentence' of 7½ to 20 years' incarceration, followed by 10 years' probation, for that offense.

In May of 2008, while Appellant was on parole for his murder conviction, he was arrested and charged with possession of a firearm in

violation of 18 Pa.C.S. § 6105 (Persons not to possess, use, manufacture, control sell or transfer firearms). Following a trial in October of 2014, Appellant was convicted of that offense, and was sentenced by the Honorable Steven R. Geroff to serve 5 to 10 years' imprisonment. Additionally, based on the firearm conviction, Appellant was recommitted by the state parole board on his third-degree murder sentence of incarceration, and was ordered to serve 24 months of 'back time' remaining on that sentence. Judge Geroff's sentence was ordered to run consecutively to Appellant's 24 months of 'back time.'

Thereafter, on March 31, 2015, the trial court in the present case anticipatorily revoked Appellant's term of probation for his third-degree murder conviction, and sentenced him to a term of 5 to 10½ years' imprisonment. The court ordered that this sentence be served consecutively to Judge Geroff's sentence for Appellant's firearm offense. Appellant filed a timely post-sentence motion, which was denied. He thereafter filed a timely notice of appeal, and timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. Herein, Appellant presents one question for our review:

> Did not the lower court err, abuse its discretion, and violate general sentencing principles when, following the anticipatory revocation of probation, the court imposed a consecutive five (5) to ten and a half (10½) years of incarceration, where this sentence was manifestly excessive and unreasonable, far surpassed what was required to protect the public, went well beyond what was necessary to foster [A]ppellant's rehabilitation, and the lower court failed to state adequate reasons for imposing such a lengthy sentence on the record?

Appellant's Brief at 3.[1]

Appellant's claim clearly constitutes a challenge to the discretionary aspects of his sentence.

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's [Pa.R.A.P.] 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits.

*Commonwealth v. Ahmad*, 961 A.2d 884, 886-87 (Pa. Super. 2008)

(citations, quotation marks and footnote omitted; emphasis in original).

---

[1] Appellant raised several other claims in his Rule 1925(b) statement, including a challenge to the court's ability to anticipatorily revoke his term of probation and sentence him to another term of incarceration for his third-degree murder conviction. However, Appellant has abandoned those claims on appeal, and even concedes that "the lower court did have the authority to anticipatorily revoke his probation and impose a new period of incarceration given the [probation] violation." Appellant's Brief at 13.

Here, Appellant has presented a Rule 2119(f) statement in his brief, in which he avers that this Court "should grant allowance of appeal from the discretionary aspects of sentence because the lower court violated the express provisions of the Sentencing Code, imposed an excessive sentence, and failed to state the reasons for the sentence on the record, contrary to the fundamental norms which underlie the sentencing process." Appellant's Brief at 6 (citing **Commonwealth v. Mouzon**, 812 A.2d 617, 624, 627 (Pa. 2002) (holding that, while this Court is not required to accept "bald allegations of excessiveness[,]" a claim that a sentence is excessive is not "*per se* precluded from receiving appellate review" and will be reviewed where the "Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process")). After reviewing **Mouzon**, and other cases cited by Appellant, we conclude that he has presented a substantial question for our review. **See Mouzon**, **supra**; **Commonwealth v. Williams**, 69 A.3d 735, 740 (Pa. Super. 2013) (citing **Mouzon** in concluding that a substantial question existed where Williams claimed the court imposed a sentence that was unreasonably disproportionate to her crimes and was unduly excessive); **Commonwealth v. Parlante**, 823 A.2d 927, 929 (Pa. Super. 2003) (finding a substantial question was raised where Parlante claimed the court imposed a "grossly disproportionate" sentence and failed to "provide adequate reasons on the record for the sentence").

The thrust of Appellant's argument is that the court imposed an excessive sentence, mainly because it ordered its sentence of 5 to 10½ years to run consecutively to Judge Geroff's 5 to 10 year sentence, and to the 24 months of 'back time' that remained on Appellant's initial sentence of incarceration for third-degree murder. Appellant also contends that the court failed to state adequate reasons on the record for imposing his sentence, and that the court erred by not considering his rehabilitative needs.

In reviewing this claim, we apply the following, well-settled standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013) (quoting *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006)).

We also note that,

> contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply [when sentencing a defendant following revocation of probation], and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721.

Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

Moreover, 42 Pa.C.S. § 9721(b) specifies that in every case following the revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."

However, following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a PSI during the initial sentencing proceedings.

**Commonwealth v. Pasture**, 107 A.3d 21, 27-28 (Pa. 2014) (internal citations and footnote omitted).

Having reviewed the record of the revocation/resentencing hearing in Appellant's case, and keeping in mind the legal principles set forth in **Pasture**, we ascertain no abuse of discretion in the court's fashioning of Appellant's sentence. Notably, as the court pointed out in its opinion, it had the benefit of a presentence report, which outlined Appellant's lengthy criminal history. **See** Trial Court Opinion, 7/27/15, at 7 n.3. The court also discussed other factors it considered in sentencing Appellant, stating:

> Defense counsel pointed out that [Appellant] got his GED in custody, and has always worked when he was out of custody ([N.T. 3/31/15,] at 9). [Appellant] had low level drug use in the past, and some minor prison infractions (**id.** at 9-10).
>
> This [c]ourt explained that [Appellant], on state parole for third[-]degree murder, should not have a gun (N.T. 3/31/15, p. 24). He could have been statutorily sentenced to up to 40 years in prison for the murder conviction (**id.** at 18-19). This court explained that a 5 to 10½ year prison sentence consecutive to all other sentences would be "an individualized sentence that takes into consideration [Appellant's] possibility of being rehabilitated. And that has to be balanced against [the court's] duty to protect the public" (**id.** at 25). What was very clear to this court at the [violation of probation] hearing is that [Appellant] is in no way rehabilitated. His actions demonstrate that he has no intention of leading a crime free life outside of incarceration. [Appellant] has taken no ownership of his [firearm offense]; he denied the crime in the Presentence Report and mentioned at the [violation of probation] hearing that he is still seeking to overturn that conviction (N.T. 3/31/15, p. 23). The probationary sentence given by [the prior trial court] for [Appellant's] murder conviction was structured for this exact scenario -- [Appellant] was given a generous sentence despite killing a 20 year-old man by shooting him in the head. Instead of reforming himself, he chose to go back out on the streets … with several other males[,] and armed with a gun that he is not permitted to carry[,] to one of the worst crime intersections in America -- these facts are strikingly similar to the dynamics that occurred when [Appellant] committed the underlying murder

- 7 -

with a group of males in a car armed with guns. [Appellant] is not a reformed felon, but rather demonstrates that he is likely to be involved in another murder statistic in Philadelphia. The probationary sentence given by [the initial trial court judge] for murder was structured consecutive to [Appellant's] 7 ½ to 20 years['] incarceration sentence so the court could increase the incarceration portion of the sentence to protect society from [Appellant] should he choose not to change his criminal behavior. We are in that exact scenario now.

Therefore, contrary to [Appellant's] claim, the [violation of probation] sentence imposed by the court was not error or an abuse of discretion. The sentence imposed was not manifestly excessive and unreasonable, and this court did examine [Appellant's] background, character and rehabilitative needs. And, as cited above, this court did disclose in open court at the time of sentencing a statement of the reasons for the sentence imposed.

*Id.* at 7-9 (footnotes and internal quotation marks omitted).

Based on the revocation court's explanation for its sentence, and the record of the revocation/resentencing hearing conducted on March 31, 2015, Appellant has not convinced us that the court abused its discretion by imposing a 5 to 10½ year sentence, or in ordering that sentence to run consecutively to his other terms of incarceration. The court's decision to order its sentence to run consecutively to Appellant's other sentences was reasonable. Appellant's act of possessing a gun constituted a *violation of his probation* that was separate and distinct from his conviction under section 6105 before Judge Geroff. Moreover, the conduct triggering the probation violation was completely unrelated to his third-degree murder offense, for which 24 months of 'back time' remained to be served. Thus, it was not an

abuse of discretion for the court to require Appellant to serve a consecutive sentence for his probation violation.

Additionally, contrary to Appellant's claim, the record of the sentencing hearing, as a whole, demonstrates that the court stated sufficient reasons for imposing the sentence that it did, as discussed by the court in its opinion. We also conclude that Appellant's claim that the court abused its discretion by failing to consider his rehabilitative needs is meritless. Initially, Appellant did not mention this claim in his Rule 2119(f) statement; therefore, he has not demonstrated that a substantial question exists to warrant our review. Nevertheless, Appellant's argument in this regard is meritless. As clarified by the **Pasture** Court, the revocation court was *not* bound by section 9721(b)'s requirement that it consider the rehabilitative needs of Appellant. In any event, the court *did* examine this factor, and reasonably concluded that Appellant's conduct exhibited an unwillingness to rehabilitate himself or change his criminal behavior.

Finally, we note that Appellant contends, for the first time on appeal, that the court abused its discretion by "consider[ing] inappropriate factors in imposing [its] sentence…." Appellant's Brief at 18. This claim was not raised in Appellant's post-sentence motion, or in his Rule 1925(b) statement. Therefore, it is waived. **See Commonwealth v. Bromley**, 862 A.2d 598, 603 (Pa. Super. 2004) ("It is well settled that an [a]ppellant's challenge to the discretionary aspects of his sentence is waived if the [a]ppellant has not filed a post-sentence motion challenging the

discretionary aspects with the sentencing court.") (citations omitted); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2016